State ex rel. Koch v. Draper.

---

STATE ex rel. LOUIS F. KOCH, Petitioner, v. DAN'L M. DRAPER, State Auditor, Respondent.

1. *State Senate — Resolution — Clerk of committee — Per diem for services.*— The resolution passed by the State Senate, January 20, 1869, which provided that the clerk of the committee on banks and corporations should "not be entitled to more than one *per diem*," was not intended to prevent him from performing services for a committee of the State House of Representatives, and receiving a *per diem* therefor, while he was so employed and paid by the Senate.

*Petition for mandamus.*

*A. Budd,* for relator.

*H. B. Johnson,* Attorney-General, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The relator acted as clerk of three several Senate committees, from January 20, 1869, to the 16th day of the following February, under the following Senate resolution: "Resolved, That the

committees on banks and corporations, ways and means, and internal improvements, be allowed a clerk: *provided*, that said clerk shall perform the duties of the committees and receive the usual *per diem;* and said clerk shall not be entitled to more than one *per diem* for the time actually employed, which shall be certified by the chairman of the committees, to be paid for out of the contingent fund of the Senate." The relator's claim for services as clerk of these committees, amounting to $135, was duly certified, as required by the resolution and by the appropriate officers of the Senate. The only objection to allowing it, stated in the auditor's return to the alternative writ, consists in the alleged fact that the relator was, during the same period covered by the account, employed by a House committee and paid his *per diem* out of the House contingent fund. This fact is supposed, under the Senate resolution, to cut out the relator's right to his *per diem* compensation for services rendered the Senate committees. This is a mistaken view of the subject. A correct interpretation of the Senate resolution leads to no such result. The clerical services therein contemplated were to be rendered to three different committees of the Senate, and the restriction has reference to this fact. The relator was to have but one *per diem*, although serving three committees. He was not to have a *per diem* for each. It has no reference to the action of the other branch of the Legislature or to payments for services granted by it.

The peremptory writ will issue. The other judges concur.